The CHATEAUX CONDOMINIUMS, a Colorado not-for-profit corporation, Plaintiff–Appellant,

v.

Stuart DANIELS, Defendant–Appellee.

No. 86CA1498.

Colorado Court of Appeals, Div. II.

Feb. 18, 1988.

Rehearing Denied March 17, 1988.

Certiorari Denied May 23, 1988.

Ranous, Stern & Patrick, P.C., J. Steven Patrick, David M. Barton, Gunnison, for plaintiff-appellant.

Zerobnick & Sander, P.C., Martin Zerobnick, Richard G. Sander, Gwen J. Young, Denver, for defendant-appellee.

Winzenburg and Leff, Lawrence B. Leff, Denver, for amicus curiae Community Ass'n Institute.

VAN CISE, Judge.

Plaintiff, Chateaux Condominiums, the condominium association for a condominium complex located in Gunnison County (the association), brought this action, seeking to hold defendant, Stuart Daniels, personally liable for delinquent and unpaid assessments for his share of the common expenses attributable to a unit owned by him. Daniels defended on the basis that he did not agree orally or in writing to be

personally liable and that, therefore, absent express statutory authority, the terms of the condominium declaration providing for individual liability are unenforceable as to him. On cross-motions for summary judgment, the trial court entered judgment for Daniels and dismissed the association's claim. The association appeals, and we reverse.

The parties agree that there are no genuine issues as to any material facts and that it is a question of law as to which party is entitled to a summary judgment. The association contends that Daniels is personally liable for the delinquent assessments and that the trial court should have entered summary judgment in favor of the association. We agree.

The Condominium Ownership Act, § 38–33–101, et seq., C.R.S. (1982 Repl. Vol. 16A) (the Act) provides in § 38–33–106(1) that "the administration and operation of multi-unit condominiums shall be governed by the declaration." Section 38–33–103(2) of the Act defines "declaration" as "an instrument recorded pursuant to section 38–33–105 and which defines the character, duration, rights, obligations, and limitations of condominium ownership." Section 38–33–105(2) specifies that:

"To the extent that any such declaration ... provides for the payment of charges assessed by the association upon condominium units ... any rule of law to the contrary notwithstanding, the same shall be considered as covenants running with the land binding upon all condominium owners and their successors in interest...."

Also, § 38–33–106(3) and (4) state that the bylaws or the declaration must contain or provide, *inter alia*, for "the manner of assessing and collecting from the unit owners their respective shares of such estimated expenses ... what assessments, debts, or other obligations are assumed by the unit owner ... [and] [t]he effect on a unit owner in reference to his obligation for payment of the common expenses."

Therefore, under the Act, Daniels is liable for the assessments accrued during his ownership of the unit. The manner by which the unpaid assessments may be collected is as provided for in the declaration.

The declaration provides, in pertinent part:

"Each owner shall comply strictly with the provisions of this Declaration ... and the decisions and resolutions of the Association adopted pursuant thereto.... Failure to comply with any of the same shall be grounds for an action to recover sums due and for damages or injunctive relief or both, by the Association on behalf of the owners...."

. . . .

"[E]ach owner of a condominium unit by the acceptance of a deed therefor, shall be deemed to covenant and agree and shall be obligated to pay to the Association all assessments made by the Association for the purposes provided in this Declaration."

. . . .

"The amount of the common expenses assessed against each condominium unit shall be the personal and individual debt of the owner thereof at the time the assessment is made. *Suit to recover a money judgment for such unpaid debt shall be maintainable by the Association* without foreclosing or waiving the lien securing the same...." (emphasis supplied)

Based on the undisputed fact that Daniels was the owner of the unit during the accrual of the assessments sought in this action, and on the personal liability imposed by the condominium declaration, we conclude that Daniels is personally liable for the unpaid assessments.

We reject Daniels' contention that since he did not agree orally or in writing to be personally liable, the declaration's provisions for individual liability are unenforceable as to him.

The declaration for the Chateaux Condominiums was recorded in the public records of Gunnison County long before Daniels received his deed and became the owner of his unit. The deed under which he ac-

quired title to his unit stated that the conveyance is expressly subject to the terms, conditions, duties, and obligations imposed by the declaration. Therefore, he had constructive notice of the provisions of the declaration. *See Arnove v. First Federal Savings & Loan Ass'n,* 713 P.2d 1329 (Colo.App.1985); *Rooney v. Peoples Bank,* 32 Colo.App. 178, 513 P.2d 1077 (1973). Also, § 38–33–105(2) of the Act specifies that the provisions for payment of assessments run with the land and are binding on all condominium owners. Furthermore, the sections from the declaration quoted above provide for personal liability for the assessments.

We conclude that when Daniels acquired ownership of his unit, the declaration became binding upon him, and he assumed and became personally liable for any accrued and unpaid assessments during the period of his ownership.

The judgment in favor of Daniels is reversed. The cause is remanded for the entry of judgment in favor of the association in the amount of the unpaid assessments, plus interest from the date of each, plus costs.

SMITH and KELLY, JJ., concur.