2002 UT App 214

STATE of Utah, Plaintiff and Appellant,

v.

Marie S. McKINNON, Defendant and Appellee.

No. 20010790–CA.

Court of Appeals of Utah.

June 20, 2002.

Before Judges JACKSON, GREENWOOD, and ORME.

## OPINION

JACKSON, Presiding Judge:

¶ 1 The State appeals the district court's dismissal of a charge of false notarial certification, under Utah Code Ann. §§ 46–1–9, –18 (1998). We reverse and remand.

## BACKGROUND

¶ 2 The State charged Defendant Marie S. McKinnon with false notarial misconduct on April 16, 2001, less than one month after the statute of limitations to prosecute the offense had expired and over nine months after it discovered the offense. Nevertheless, the State sought to prosecute McKinnon by attempting to invoke Utah Code Ann. § 76–1–303 (1999) (Extension Statute), which extends the statute of limitations for prosecuting, inter alia, fraud under certain circumstances. The district court dismissed the charge, concluding that the State could not pursue its action against McKinnon because it discovered the offense prior to the expiration of the statute of limitations. The State appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 3 The State challenges the district court's interpretation of the Extension Statute. Specifically, the State argues the trial court erred in concluding that the Extension Statute allows Utah discretion to require that the State "discover the offense after the expiration of" Utah Code Ann. § 76–1–302 (1999) (Limitation Period) before the Extension Statute may be invoked. Thus, we are presented with a question of statutory interpretation, which "is a legal conclusion to be reviewed for correctness." *State v. Lusk,* 2001 UT 102, ¶ 11, 37 P.3d 1103.

## ANALYSIS

¶ 4 The Extension Statute provides, in relevant part,

Mark L. Shurtleff, Attorney General, Christopher D. Ballard, and Colin R. Winchester, Assistant Attorneys General, Salt Lake City, for Appellant.

Robert R. Wallace and Lisa Watts Baskin, Plant Wallace Christensen & Kanell, Salt Lake City, for Appellee.

(1) If the period prescribed in Section 76–1–302 [1] has expired, a prosecution may be commenced for any offense a material element of which is ... fraud ... within one year after discovery of the offense....

(2) Subsection (1) may not extend the period of limitation as provided in Section 76–1–302 by more than three years.

Utah Code Ann. § 76–1–303. McKinnon argued below that the introductory phrase "If the period prescribed ... has expired," *id.*, is meaningless unless "it means that the [Extension Statute] applies *only* if the State first learns of the offense *after* the statute of limitations has run." (Emphasis added.) However, because the district court could "conceive of one other circumstance where the phrase would have meaning," it declined to conclude that the Extension Statute, "by its own terms, require[s] the State to discover the offense after the expiration of" the two-year Limitation Period. Nevertheless, the court concluded that it had discretion to judicially impose a "similar requirement" that, for the Extension Statute to be invoked, the State must have "discover[ed] the offense after the expiration of" the Limitation Period. The district court relied on dicta from *O'Neal v. Division of Family Services*, 821 P.2d 1139, 1144 (Utah 1991), to reach its conclusion.[2]

¶ 5 The district court derived both of its determinations from impermissible methods of statutory interpretation. First, it would "not rule that the language of [the Extension Statute] requires [the] result" Defendant espoused [3] simply because it could "conceive of one other circumstance where the phrase

would have meaning." Second, it relied on *O'Neal*—rather than on the plain language of the Extension Statute or on other acceptable methods of statutory construction (after first concluding that the statute was ambiguous)—to interpret the Extension Statute. The court interpreted the statute as allowing the court discretion to "impose" a requirement that, for the Extension Statute to be invoked, the State must have "discover[ed] the offense after the expiration of" the Limitation Period.

¶ 6 However, "[w]hen interpreting statutes, our primary goal is to evince 'the true intent and purpose of the Legislature.' To discern the legislature's intent and purpose, we look first to the 'best evidence' of a statute's meaning, the plain language of the act." *State v. Tooele County*, 2002 UT 8, ¶ 10, 44 P.3d 680 (citations omitted). Moreover, "[w]e do not look beyond a statute's plain language unless it is ambiguous." [4] *Coleman v. Thomas*, 2000 UT 53, ¶ 9, 4 P.3d 783. Neither party asserts, and the district court did not conclude, that the Extension Statute is ambiguous. Thus, we reject the district court's interpretation of the Extension Statute, and interpret the statute according to its plain language.

¶ 7 The Extension Statute provides that "a prosecution may be commenced for any offense a material element of which is ... fraud ... within one year after discovery of the offense" if "the period prescribed in Section 76–1–302 has expired." Utah Code Ann. § 76–1–303(1). The "period prescribed in

---

1. Prosecution for "a misdemeanor other than negligent homicide shall be commenced within two years after it is committed...." Utah Code Ann. § 76–1–302(1)(c) (1999).

2. In *O'Neal*, the supreme court conjectured that a "showing that [one] did not know and could not reasonably have known of the existence of a cause of action" "would seem a definitional prerequisite to reliance on any version of the discovery rule, judicial or legislative." *O'Neal v. Division of Family Servs.*, 821 P.2d 1139, 1144 (Utah 1991).

3. We note that by choosing "not [to] rule" that the statute "require[s] the State to discover the offense after the expiration of" the two-year Limitation Period, the district court effectively concluded that the Extension Statute does *not* re-

quire "the state to discover the offense after the expiration" of the Limitation Period.

4. Further, "we seek 'to render all parts [of the statute] relevant and meaningful,' and we therefore 'presume the legislature use[d] each term advisedly and ... according to its ordinary meaning.' Consequently, we 'avoid interpretations that will render portions of a statute superfluous or inoperative.' " *State v. Tooele County*, 2002 UT 8, ¶ 10, 44 P.3d 680 (alterations in original) (citations omitted); *see also Biddle v. Washington Terrace City*, 1999 UT 110, ¶ 14, 993 P.2d 875 (stating that "omissions in statutory language should be taken note of and given effect" (internal quotation marks omitted)).

Section 76–1–302," *id.,* is a two-year period from the time the crime is committed in which the State must commence a prosecution. *See* Utah Code Ann. § 76–1–302(1)(c). Thus, according to the plain language of the statute, if no action has been commenced within the Limitation Period, "a prosecution may be commenced for any offense a material element of which is ... fraud ... within one year after discovery of the offense." Utah Code Ann. § 76–1–303(1). Nothing in the plain language of the statute requires the crime to be discovered after the Limitation Period has expired.

¶ 8 Moreover, the interpretation McKinnon urges us to adopt leads to an absurd result. Under her interpretation, the State would be effectively precluded from prosecuting a fraud if it discovered the offense the day before the Limitation Period expired, due to time constraints, but would be allowed to prosecute the same fraud if it discovered the offense the day after the Limitation Period expired. "[W]e interpret a statute to avoid absurd consequences." *State v. Redd,* 1999 UT 108, ¶ 12, 992 P.2d 986. Thus, we reject McKinnon's argument that the Extension Statute requires the crime to be discovered after the Limitation Period has expired.

¶ 9 Further, nothing in the plain language of the statute allows Utah courts discretion to impose a similar requirement. Thus, although the district court employed impermissible methods of statutory interpretation, it correctly concluded that the Extension Statute does not require discovery of the crime to follow expiration of the Limitation Period in order to invoke the Extension Statute. However, the district court erroneously concluded that it had discretion to impose a similar requirement. Accordingly, we reverse the district court's dismissal and remand for further proceedings consistent with this opinion.

## CONCLUSION

¶ 10 According to the plain language of the Extension Statute, the State is not precluded from commencing an action involving fraud against McKinnon simply because it discovered the offense prior to the expiration of the Limitation Period. Further, nothing in the statute allows the district court discretion to impose a similar requirement. Thus, the district court erred in its conclusion to the contrary. Accordingly, we reverse the district court's dismissal of the false notarial certification charge, and remand for further proceedings consistent with this opinion.

¶ 11 I CONCUR: PAMELA T. GREENWOOD, Judge.

¶ 12 I DISSENT: GREGORY K. ORME, Judge.