2009 UT App 15

**STATE FARM FIRE AND CASUALTY COMPANY by and through its insureds, Chad EDGINGTON and Ann Edgington, Plaintiff and Appellant,**

v.

**FORCED AIRE, LC, dba Nebeker Heating & A/C; Boyd L. Nebeker dba Forced Aire Heating and Air Conditioning; and John Does 1–10, Defendants and Appellees.**

No. 20070808–CA.

Court of Appeals of Utah.

Jan. 23, 2009.

Brett C. Anderson, Lehi, for Appellant.

Bruce C. Burt and Michael D. Lichfield, Salt Lake City, for Appellees.

Before Judges GREENWOOD, THORNE, and DAVIS.

## OPINION

THORNE, Associate Presiding Judge:

¶ 1 State Farm Fire and Casualty Company (State Farm) appeals from the district court's order granting Forced Aire, LC's (Forced Aire) motion for summary judgment and striking various affidavits State Farm submitted in opposition to the summary judgment motion. State Farm asserts that the court erred in concluding that the statute of repose barred State Farm's action and argues that the statute's twelve-year time limitation does not apply to this action since the installation of a pellet stove is not an improvement to real property. In the alternative, State Farm argues that the pellet stove was installed within twelve years of the house fire giving rise to this claim, and that

therefore this claim is not barred by the statute of repose.

¶ 2 State Farm also asserts that the district court erred in striking both Dallas C. Monson's affidavit and portions of Chad Edgington's affidavit. State Farm argues that the court should not have stricken any portion of those affidavits since Mr. Monson's affidavit was timely submitted to Forced Aire and both affidavits were based on the affiants' independent personal knowledge.

¶ 3 We reverse and remand.

## BACKGROUND [1]

■ ¶ 4 In the fall of 1990, Chad and Ann Edgington (collectively, the Edgingtons) began construction of a single-family residence in Fruit Heights, Utah. During construction of the Edgingtons' house, Forced Aire installed a pellet stove. On December 19, 2002, a fire ignited and extensively damaged the house. The Edgingtons had insured the home with a homeowners insurance policy from State Farm.

¶ 5 On December 16, 2004, State Farm filed a complaint alleging that Forced Aire negligently installed the pellet stove flue causing the house fire. On December 15, 2006, Forced Aire filed a motion for summary judgment arguing that State Farm's claims were barred by the statute of repose because the work on the pellet stove flue was completed more than twelve years before the fire. *See* Utah Code Ann. § 78–12–21.5(4) (2002).[2] On December 27, 2006, State Farm filed its opposition memorandum with supporting affidavits from Mr. Edgington, Brandon Green, and Robert Jacobsen.

¶ 6 On January 17, 2007, Forced Aire filed a motion to strike portions of Mr. Edgington's affidavit. On March 8, 2007, State

---

**1.** "When reviewing a district court's grant or denial of a motion for summary judgment, we view the facts in 'a light most favorable to the party opposing the motion.'" *Anderson Dev. Co. v. Tobias*, 2005 UT 36, ¶ 31, 116 P.3d 323.

**2.** The relevant section of the Utah Code was amended, effective May 3, 2004. *See* Utah Code Ann. § 78–12–21.5 amendment notes (Supp. 2004) (amending subsection (4) to provide that an action may not be commenced against a provider more than nine years after completion of

the improvement or abandonment of construction). The previous enactment, in effect in 2002, provided that "an action may not be commenced against a provider more than 12 years after completion of the improvement or abandonment of construction." *Id.* § 78–12–21.5 (2002). As such, we cite, as do the parties, to the 2002 enactment of this section, which was in effect at the time of the incident and is applicable to this case. This section is currently codified at Utah Code Ann. § 78B–2–225 (2008).

Farm filed its memorandum in opposition. Forced Aire filed its reply on March 19, 2007.

¶7 In early February 2007, State Farm obtained an affidavit from Mr. Monson, a building inspector who had conducted various inspections of the Edgingtons' home during its construction.[3] Sometime near the end of March or beginning of April 2007, State Farm sent a copy of Mr. Monson's affidavit to Forced Aire.[4]

¶8 On April 19, 2007, the district court held a hearing addressing Forced Aire's motion for summary judgment and motion to strike portions of Mr. Edgington's affidavit. At that hearing, State Farm referred to and attempted to introduce Mr. Monson's affidavit. The court rejected the affidavit as untimely, stating, "I don't think I can receive an affidavit on the day of the hearing." At the end of the hearing, the court requested additional memoranda on the effective starting date of the statute of repose as applied to the facts of the case. Thereafter, Forced Aire filed its supplemental memorandum on the statute of repose. State Farm filed its memorandum in opposition to Forced Aire's supplemental memorandum and included in its opposition a copy of Mr. Monson's affidavit.

¶9 On July 9, 2007, Forced Aire filed a motion to strike Mr. Monson's affidavit. State Farm filed an opposition to the motion to strike, and on July 19, 2007, the district court heard additional arguments regarding the operation of the statute of repose.

¶10 The court granted Forced Aire's motion to strike portions of Mr. Edgington's affidavit, striking paragraphs five, nine, ten, and twelve of the affidavit as being speculative, conclusory, and without proper foundation. The court also struck Mr. Monson's affidavit in its entirety based on its untimely filing. Independent of the timeliness issue, the court further ruled that paragraph four of Mr. Monson's affidavit was not based on his independent recollection, and paragraphs six through nine were speculative and lacked

proper foundation. Ultimately, the court granted Forced Aire's motion for summary judgment, concluding that State Farm's claims against Forced Aire were barred by the statute of repose because the improvements made, i.e., installation of the pellet stove and flue, were completely installed more than twelve years before the fire.

## ISSUES AND STANDARDS OF REVIEW

■ ¶11 State Farm asserts that the district court erred in striking portions of Mr. Edgington's affidavit and the entirety of Mr. Monson's affidavit. State Farm argues that both affidavits were based on independent personal knowledge and timely filed. "We review a trial court's decision to admit evidence to determine whether the court exceeded its permissible range of discretion." *Johannessen v. Canyon Rd. Towers Owners Ass'n*, 2002 UT App 332, ¶13, 57 P.3d 1119.

■ ¶12 State Farm also asserts that the court erred in granting Forced Aire's motion for summary judgment. Specifically, State Farm argues that it presented affidavit evidence sufficient to create a material factual dispute concerning the completion date of the pellet stove and flue installation. "This court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness, and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Forsberg v. Bovis Lend Lease, Inc.*, 2008 UT App 146, ¶7, 184 P.3d 610 (internal quotation marks omitted), *cert. denied*, 199 P.3d 367 (Utah 2008).

■ ¶13 State Farm next argues that the court misinterpreted and misapplied the statute of repose when it concluded that the statute of repose began to run when the subcontractor completed the installation of the pellet stove and flue, which the court concluded was an improvement to real property. "We review the district court's interpretation and application of a statute for

3. Mr. Monson's affidavit is dated February 8, 2007.

4. State Farm asserts that it gave Forced Aire a copy of Mr. Monson's affidavit several weeks

before the April 19, 2007 hearing. Forced Aire asserts that it received Mr. Monson's affidavit a week before the hearing.

correctness, affording no deference to the district court's legal conclusion." *Wasatch Crest Ins. Co. v. LWP Claims Adm'rs Corp.*, 2007 UT 32, ¶ 6, 158 P.3d 548 (internal quotation marks omitted).

## ANALYSIS

¶ 14 We consider first State Farm's argument that the district court erred in striking portions of Mr. Edgington's affidavit filed in opposition to Forced Aire's summary judgment motion. The court struck paragraphs five, nine, ten, and twelve, reasoning that the conclusions Mr. Edgington asserted in those paragraphs were speculative and lacked foundation. State Farm argues that Mr. Edgington's affidavit presented admissible evidence based on personal knowledge, and as such it was error to strike those paragraphs of the affidavit.

¶ 15 To be admissible, an affidavit must comply with rule 56(e) of the Utah Rules of Civil Procedure, which provides, in pertinent part, that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Utah R. Civ. P. 56(e). "We review a trial court's decision to admit evidence to determine whether the court exceeded its permissible range of discretion." *Johannessen*, 2002 UT App 332, ¶ 13, 57 P.3d 1119.

¶ 16 The district court specifically struck paragraph five of Mr. Edgington's affidavit, reasoning that,

Paragraph 5 is stricken because it is speculative, it lacks foundation that Mr. Edgington is competent to interpret [the inspection card] and lacks foundation to support the conclusions he draws about the markings on the card. State Farm, through Mr. Edgington, is attempting to interpret marks on the inspection card which marks were made by another individual approximately 14 or 15 years earlier than the affidavit was submitted.

The court gave similar reasoning for striking paragraphs nine, ten, and twelve. State Farm argues that it submitted Mr. Edging-

ton's affidavit to establish that the installation work on the pellet stove and flue was not completed until early 1991. State Farm argues that Mr. Edgington's affidavit should not have been stricken since he based his statements about the completion date of the pellet stove and flue upon his personal knowledge as the general contractor of the house.

¶ 17 Forced Aire argues that the four paragraphs were properly stricken because Mr. Edgington's recollection regarding the completion date was clearly based on conclusions Mr. Edgington reached after reviewing the inspection card, which card the district court determined Mr. Edgington lacked foundation to interpret. The stricken paragraphs, in pertinent part, are as follows:

5. .... As can be seen from the Inspection Card, the actual construction of the home commenced in September, 1990.... Most notable, framing and ventilation was inspected on December 18, 1990, but was not checked or signed off, and instead has the marking "N.C." I believe this marking stands for "Not Complete." A second entry on December 18, 1990 under the heading of "rough heating" is also not checked or signed off, and clearly states "not finished." At the bottom of the inspection card is a note which states "If work is not marked approved, make corrections noted under remarks and call for another inspection before continuing work." I did not secure an inspection of the completed framing, ventilation, or rough heating until early 1991. This would include the pellet stove and flue which were installed by Boyd Nebeker. *The Inspection Card confirms my memory that Mr. Nebeker did not complete his work on the pellet stove and flue until the latter part of the construction of my Fruit Heights home, which was in early 1991.*

....

9. The above-referenced invoices were primarily for parts and materials only. Mr. Nebeker did not bill me for his labor until sometime after he finished installing the pellet stove, flue, and heating and air conditioning systems in early 1991....

10. *I am positive that Mr. Nebeker did not finish his work on the pellet stove and*

*flue in the home until early 1991. In fact, I have an independent recollection of the pellet stove and flue not being completed until the latter stages of the construction of my home.* The Building Permit was issued on October 15, 1990, at which time only the foundation and ground plumbing had been approved by the inspector. The framing and rough heating were not complete on December 18, 1990 for the inspector, and they were not complete until early 1991. The framing and rough heating would need to be completed and passed off by the inspector long before I considered the home to be near the latter stages of construction.

. . . .

12. For the reasons set forth above, the pellet stove was not installed prior to December 20, 1990, and Mr. Nebeker's work on the pellet stove and flue (as well as the rest of the heating and air conditioning work) was not completed by him until early 1991.

(Emphases added.)

¶ 18 Although Mr. Edgington's affidavit does contain some inadmissible evidence regarding his interpretation of the inspection card, the affidavit also contains statements from Mr. Edgington's personal knowledge and own recollection of the events concerning the completion date of the pellet stove and flue. In paragraph two of his affidavit, Mr. Edgington identified himself as the general contractor of the home and stated that he "was involved in all aspects of its construction."[5] Mr. Edgington further stated, in paragraph ten, "I am positive that Mr. Nebeker did not finish his work on the pellet stove and flue in the home until early 1991. In fact, I have an independent recollection of the pellet stove and flue not being completed until the latter stages of the construction of my home."

¶ 19 These statements demonstrate that Mr. Edgington's involvement as the general contractor of the home extended to all aspects of the home's construction including installation of the pellet stove and flue, and

that he had a recollection of the completion date independent of the inspection card. Moreover, Mr. Edgington's references to the inspection card appear to be made merely in support of his independent recollection of events, e.g., "[t]he [i]nspection [c]ard *confirms my memory*" (emphasis added), rather than providing the basis for his conclusions. Thus, we conclude that Mr. Edgington's affidavit—excluding Mr. Edgington's interpretation of the inspection card—was based on his own personal knowledge. Accordingly, Mr. Edgington's affidavit does not, as a matter of law, violate rule 56(e), *see* Utah R. Civ. P. 56(e), and the district court erred in striking those statements in Mr. Edgington's affidavit that were based on his own personal knowledge of the construction of the home.

¶ 20 Because we conclude that the district court erred in striking portions of Mr. Edgington's affidavit, we next address whether Mr. Edgington's improperly stricken statements create a disputed issue of material fact sufficient to defeat Forced Aire's summary judgment motion. In its ruling granting summary judgment, the district court concluded that State Farm's negligence claim was barred by the statute of repose since the undisputed evidence demonstrated that the pellet stove and flue were completely installed during the month of November 1990 or December 4, 1990 at the latest, which was more than twelve years before the December 19, 2002 house fire.

¶ 21 After carefully reviewing Mr. Edgington's affidavit, including the improperly stricken statements, it is clear that there exists a disputed issue of material fact regarding the pellet stove and flue's completion date. Mr. Edgington's sworn statement that "the pellet stove and flue [were not] completed until the latter stages of the construction of [the] home," "which was in early 1991," controverts Forced Aire's evidence as well as several statements presented in the district court's statement of uncontroverted facts, including that "[i]nstallation of a pellet stove on Chad Edgington's real property by [Forced

---

**5.** The district court admitted paragraph two into evidence and incorporated it in its statement of uncontroverted facts.

Aire] was conducted and completed in Mid-November, 1990." The conflicting affidavit evidence State Farm submitted creates a question of fact about the completion date that precludes summary judgment. *See Best v. Daimler Chrysler Corp.*, 2006 UT App 304, ¶ 10, 141 P.3d 624 ("[I]t is not the purpose of the summary judgment procedure to judge the credibility of the averments of the parties, or witnesses, or the weight of the evidence, and it only takes one sworn statement under oath to dispute the averments on the other side of the controversy and create an issue of fact." (alteration in original) (internal quotation marks omitted)).

¶ 22 Because we conclude that a genuine issue of material fact exists as to the completion date of the pellet stove and flue's installation, we need not reach Forced Aire's other arguments regarding Mr. Monson's affidavit and the court's application of the statute of repose. We reverse the district court's grant of summary judgment and remand for further proceedings.

## CONCLUSION

¶ 23 Although Mr. Edgington's affidavit contains some inadmissible evidence regarding the inspection card, the affidavit also contains statements from Mr. Edgington's personal knowledge and own recollection of the events—independent of the inspection card—that the installation of the pellet stove and flue was completed in early 1991. Because Mr. Edgington's affidavit was based on his own personal knowledge, we conclude that the district court erred in excluding said statements.

¶ 24 Furthermore, Mr. Edgington's sworn statement that the pellet stove and flue was completed in early 1991 controverts Forced Aire's evidence and the district court's statements of uncontroverted fact identifying November 1990 or December 4, 1990, at the latest, as the completion date. The conflicting affidavit evidence creates a question of fact about the completion date that precludes summary judgment. As a result, we reverse the district court's determination and remand for further proceedings.

¶ 25 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and JAMES Z. DAVIS, Judge.